**CIRCUIT COURT OF THE CITY OF RICHMOND**

Paul Angelson

    v.

Commonwealth of Virginia

October 17, 1991

Case No. LR-3899-4

By JUDGE RANDALL G. JOHNSON

Plaintiff brings this action under Va. Code § 58.1-1825 to recover taxes which he claims were improperly collected from him. At issue is whether plaintiff, as an officer of a corporation, is liable for sales taxes and employee withholding taxes assessed against the corporation. I find that he is not.

The facts presented at trial show that in early 1985, plaintiff and Raymond A. Caddell, Jr., became the sole shareholders and directors of Ashburton Corporation, which was formed to operate a Virginia Beach restaurant called J. Edgar's. Caddell was elected president of the corporation, and plaintiff was secretary-treasurer. The restaurant opened in May, 1985.

From the time the restaurant was opened through the end of 1985, all of the day-to-day operations of the restaurant were handled by Caddell. While plaintiff was authorized to sign corporate checks and did sign "a dozen or so" checks in 1985, he did so only because Caddell was out of town or otherwise not available, and the checks had to be written and signed before Caddell was scheduled to return. Plaintiff never saw the corporation's books or anything else related to corporate finances and played

no part in hiring or firing employees, ordering supplies, or any other management aspect of the business.

In the latter part of 1985, plaintiff began hearing "rumors" that Caddell was writing bad checks on the corporation's account and was not paying employees. When he confronted Caddell, he learned that the business was in serious financial trouble and that corrective action was needed. He demanded that Caddell turn over control of the business to him, and in January, 1986, plaintiff became the corporation's president and began handling all of the day-to-day affairs of the business.

In February or March, 1986, plaintiff received a visit from Special Agent G. A. Williams of the Department of Taxation. Williams told plaintiff that the corporation had not filed or paid any sales taxes or employee withholding taxes from the time the restaurant was opened until the date of Williams's visit. Plaintiff directed Agent Williams to the corporation's bookkeeper, and based on figures provided to Williams, returns were prepared for 1985 and were signed by plaintiff on March 26, 1986. Thereafter, plaintiff prepared returns and paid, on the corporation's checking account, sales taxes and employee withholding taxes for all of 1986 and the portion of 1987 during which the corporation did business, the business folding in 1987. The taxes, penalty, and interest for 1985 were never paid by the corporation.

In July, 1987, the Department asserted its lien for the 1985 taxes against certain sales proceeds which plaintiff was to personally receive from a real estate closing. As a result, $18,122.28 was collected from plaintiff's personal funds to satisfy the outstanding tax obligation of Ashburton Corporation. It is that collection which plaintiff now contests.[1]

If plaintiff is liable for the 1985 taxes assessed against the corporation, such liability arises out of

---

[1] Actually, the parties were unable at trial to state the precise amount of taxes, penalty, and interest related to calendar year 1985. The parties agreed, however, to go forward with the trial and to try to stipulate the exact amount of taxes, penalty, and interest attributable to 1985 if the court's decision made a determination of those items necessary.

Va. Code § 58.1-1813. That section provides, in its entirety:

> Section 58.1-1813. *Liability of corporate officer or employee, or member or employee of partnership, for failure to pay tax, etc.* -- A. Any corporate or partnership officer who willfully fails to pay, collect or truthfully account for and pay over any state tax administered by the Department of Taxation, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected or accounted for and paid over, to be assessed and collected in the same manner as such taxes are assessed and collected.
>
> B. The term "corporate or partnership officer" as used in this section means an officer or employee of a corporation, or a member of employee of a partnership, who as such officer, employee, or member is under a duty to perform on behalf of the corporation or partnership the act in respect of which the violation occurs and who (1) had knowledge of the failure or attempt as set forth herein and (2) had authority to prevent such failure to attempt.

As can be seen, four conditions must be met before a person can be held individually liable for taxes assessed against a corporation. First, the person must willfully fail to pay, collect, or truthfully account for and pay over a state tax, or willfully attempt in any manner to evade or defeat such tax or its payment. Second, the person must be an officer or employee of the corporation and have a duty to perform the act in respect of which the violation occurs. Third, the person must have knowledge of the failure or attempt as set out in the statute. And fourth, the person must have authority to prevent such failure or attempt. While the absence of any one of these conditions prohibits the Department from collecting corporate taxes from an individual, the court finds that three of those conditions are missing here.

First, and not in the same order as set out in the statute, the court finds that until January, 1986, plaintiff was not under a duty "to perform on behalf of the corporation . . . the act in respect of which the violation occur[red]. . .;" that is, the reporting and payment of sales and employee withholding taxes. While it is true that plaintiff was secretary-treasurer of the corporation, the court is aware of no statutory or common law duty inherent in either office relating to the reporting or payment of taxes. Indeed, while all Virginia corporations are required to have a president and a secretary (*see* Va. Code § 13.1-872), the Code states that such officers, as well as any other officers which may be specified by particular corporations, shall have "the authority and shall perform the duties set forth in the bylaws or, to the extent consistent with the bylaws, the duties prescribed by the board of directors or by direction of an officer authorized by the board of directors to prescribe the duties of other officers." Va. Code § 13.1-873. At no time prior to January, 1985, was plaintiff ever given the duty of reporting or paying any tax owed by the corporation. Such duty, along with all of the other day-to-day functions of the corporation, were specifically allocated to Caddell. Thus, plaintiff was not a "corporate officer" as defined in paragraph B of § 58.1-1813.[2]

Second, the court finds that until February or March, 1986, plaintiff had no knowledge of the corporation's failure to report and pay sales and employee withholding taxes. In this regard, the Department argues that the term "knowledge" as used in the statute includes constructive knowledge. Thus, according to the Department, the fact that plaintiff knew generally that the corporation was required to report and pay sales and withholding taxes, and as an officer of the corporation had the ability to find out if those taxes were reported and paid, means that plaintiff should have known of the corporation's failure to report and pay those taxes; that is, he had

---

[2] The bylaws of plaintiff's corporation provided that the corporate officers shall have "such powers and duties as generally pertain to their respective offices . . . ." Again, the court is not aware that reporting and paying taxes "generally pertain" to the office of secretary or treasurer.

constructive knowledge that the taxes were not reported and paid. The court rejects this argument.

As has already been discussed, one of the essentials of being included in the statutory definition of "corporate officer" is that the individual in question be "under a duty to perform on behalf of the corporation . . . the act in respect of which the violation occurs . . . ." The court is of the opinion that *any* person who has the duty to report and pay taxes on behalf of a corporation *must* know that such taxes have to be reported and paid. In addition, that person would also *have* to have the ability to determine whether such taxes have been reported and paid. Thus, if the General Assembly had intended to include constructive knowledge as an element of the "corporate officer" definition, that element would already have been included in the requirement relating to the officer's being under a duty to perform the subject act. By setting out "knowledge" as a separate element, the legislature must have intended something more than the knowledge imputed to all officers with such a duty. It must have intended to require actual knowledge. The court finds that plaintiff did not have such actual knowledge prior to February, 1986.

Third, the court finds that plaintiff did not willfully fail to pay the subject taxes even after he assumed the duty to pay them in January, 1986. The statute does not impose personal liability on an individual to pay a corporate tax simply because the individual did not perform his or her duty to pay the tax. His or her failure to pay must be *willful*. Here, plaintiff testified, and the records confirm, that after he took over the day-to-day operations of the corporation, the corporation paid all taxes as they became due, but that the corporation never had the funds to pay those taxes that were already outstanding when he took over; that is, the taxes for 1985. This testimony was sufficient to shift to the Department the burden of going forward with evidence to show that the corporation *did* have funds available to pay the 1985 taxes.[3] While the Department did show, through cross-examination

---

[3] Section 58.1-1825 places the burden on the plaintiff to show that the assessment or collection complained of is erroneous or improper.

of the plaintiff, that the corporation had some income after January, 1986, it did not show what that income was or that it was sufficient to pay the 1985 taxes. Thus, it never overcame plaintiff's prima facie showing that such funds were not available. Accordingly, the court finds that the corporation did not have sufficient funds after January, 1986, to pay its 1985 taxes and that as a result, plaintiff's failure to pay the 1985 taxes was not willful.[4]

Finally, the court rejects the Department's arguments based on federal court decisions interpreting § 6672 of the Internal Revenue. Code. Section 6672 provides, in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

While the Department contends that the Virginia statute was modeled after the federal statute and is essentially analogous to it, the court disagrees. Specifically, the Virginia statute's requirement of knowledge, previously discussed in this opinion, is conspicuously absent from the federal statute. That fact alone, in the court's opinion, renders the federal cases cited by the department of little help in the case presently before the court.

Moreover, all of the cases cited by the Department, as well as those cited by plaintiff, make it clear that whether a person is a "responsible party," the terms used by the federal courts in assessing personal liability, is a factual determination to be made on a case-by-case basis by the jury. This court, sitting as the jury in

---

[4] There is no allegation that plaintiff failed to report taxes after January, 1986.

this case, has made the factual finding that plaintiff was not under a duty to report to pay taxes of the corporation prior to 1986, that he had no knowledge of the corporation's failure to report or pay those taxes prior to that time, and that he did not willfully fail to pay the 1985 taxes after January 1, 1986. Accordingly, judgment will be entered for plaintiff.

The parties are directed to confer with each other in an attempt to stipulate the amount of taxes wrongfully collected from plaintiff in light of this opinion. If they are unable to do stipulate, they should schedule a hearing to present evidence on that question.